CRAFT *v.* STATE.

(Division A.   May 12, 1947.)

[30 So. (2d) 507.   No. 36458.]

**Edwards & Edwards,** of Mendenhall, and **Dixon L. Pyles,** of Jackson, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellant Johnny Craft was convicted of the unlawful shooting of Wilson Dickerson with intent to kill and murder, and sentenced to serve a term of ten years in the State Penitentiary.

The proof on behalf of the State discloses that Dickerson, a town marshal, together with Glenn Hester, a Deputy Sheriff, and Gladstone Sullivan and Oree Ainsworth, who were deputized by the said Glenn Hester to assist him, all went to the home of Albert Craft between 8 and 9 o'clock one Sunday night, where the appellant Johnny Craft also resided, for the purpose of ascertaining what particular individuals were riding on a certain truck on the highway from which some shots had been fired at or into an automobile containing passengers during that afternoon. That the truck was found parked in front of the Craft home on the arrival of these officers and deputies; and three negroes, W. O. Craft, a brother of the appellant, and two Cooper boys, were standing at or beside the truck. That one of them began backing off, as if to draw a gun or to run. That thereupon he was commanded to stop or halt, when he was searched and no gun was found on his person. That none of the men had a warrant for the arrest of any person at this Craft home and no information that the individual who was being searched had fired either of the shots on the highway during the afternoon. And that neither did they have any direct information at that time that the appellant, Johnny Craft, was the person who had fired at or into the car on the highway.

But, according to the further proof on behalf of the State, the officers had not undertaken to arrest the said appellant or to take any of the occupants of the Craft premises into custody under an arrest at the time when the appellant began shooting at the town marshal, Dickerson, from a chimney corner of the Craft home. That in fact when the search of one of the negroes was being made, Mr. Sullivan saw the appellant at the chimney corner with a gun, after having first seen him disappear from the front door into the house and reappear at the chimney corner; that is to say, he had evidently gone out the back door and come around the house to the place where he began firing his shotgun, according to the

version of the officers. That when Mr. Sullivan saw the appellant with his gun at the chimney corner, he called the attention of the town marshal Dickerson to such fact and exclaimed to the appellant not to shoot. All of the four officers testified that the appellant fired the first shot on that occasion and at a time when they were not undertaking to do any of the occupants of the Craft home any harm and had then made no attempt to arrest the appellant.

It appears that all of the officers were wounded on that occasion by one or more of the occupants of the premises during the shooting affray which followed the shots first fired by the appellant, according to the testimony of the officers.

On the contrary, the several occupants of the Craft home, including W. O. and Johnny Craft who were on the outside of the house, testified that when the officers drove up to the house in their car that they immediately got out and began shooting and fired several shots into the house before any shot was fired by the appellant or any of his companions.

On the foregoing conflict in the evidence the jury was warranted in believing that beyond any reasonable doubt the appellant, Johnny Craft, was not justified in shooting the town marshal Dickerson under the circumstances and that he shot at him with intent to kill and murder.

On last Monday this Court rendered an opinion in the case of Craft v. State, 202 Miss. 43, 30 So. (2d) 414, wherein W. O. Craft had been convicted in connection with a shooting which occurred on the next morning, and in which it as held that "the victim [of an unlawful attempt to arrest] may respond to or combat the aggression with a force of like degree or character and without any accountability on his part to the law for so doing; . . ." But in the case at bar the officers were employing no force of any degree or character against the appellant Johnny Craft at the time he began shooting at Dickerson, nor

were they attempting to do any other occupant of the premises any harm at that time, according to the testimony of such officers, which the jury had a right to believe, even if it should be conceded that the officers had no right to go to the home on the occasion in question to make an investigation as to who had fired the shots on the highway in the supposed commission of a felony, without a warrant for the arrest of any person in connection therewith.

The appellant assigns as error, however, the questioning of the witness Sullivan over the objection of the defendant as to what was the occasion of the officers going to the home of Albert Craft, when he answered that there was some shooting on the highway on his place that afternoon. But this witness expressly testified that he did not know who it was that had done the shooting on the highway that afternoon. However, the victim of the shooting here in question, Wilson Dickerson, was permitted to testify without objection that ''it had been reported to me that there had been some negroes shooting on the highway that afternoon. They were shooting from a truck.'' Moreover, it was brought out on the cross-examination of this witness by the defendant when he was being asked why he had searched one of the negroes at the Craft home, that ''we had been told they were shooting on the highway that afternoon, and we went to the house to investigate.'' And he was further asked on cross-examination,

''Who told you about the shooting on the highway that afternoon? A. A Sullivan boy.

''Q. Do you know his name? A. No, I do not recall his name.

''Q. Did he tell you who did the shooting? A. No, he just said some negroes.

''Q. Did he tell you anything about the incident? A. Just said they had pulled a truck in the road and a car or truck came along and couldn't get by, and asked these darkies to drive up so they could get by, and said when

they got around the truck the negroes went to shooting at them.''

And he was further asked on cross-examination:

''Did you have any evidence that it was Johnny Craft who did this shooting? A. No, I didn't. We found out it was the Craft truck these parties were in, that these negroes were shooting from. And that is all we knew.

''Q. Why did you go there? (meaning to the Craft home) A. Because Mr. Hester said we had better go over there and make an investigation of the matter, and see who it was on the truck that afternoon.''

It, therefore, appears that the appellant who brought out this testimony on cross-examination and did not then object thereto is not in position to ask for a reversal of the case on account thereof, if incompetent.

Then, too, the Court declined to permit the State to go into the details of the occurrence on the highway, and admitted other testimony that there had been such an occurrence, as throwing light on the question of whether or not the officers in truth and in fact went to the Craft home in good faith for the purpose of making an investigation or for the purpose of becoming the aggressors in a shooting affray.

The appellant admitted, as a witness at the trial, that he did fire two shots on the highway that afternoon, but the questioning of him in regard thereto is not assigned as error. It is assigned as error that the Court permitted W. O. Craft, who was in the truck that afternoon, to be questioned in regard to that shooting. But the only assignment of error argued in the brief as to the admissibility of testimony in regard to that incident is the one assigned in regard to permitting the witness Sullivan ''to testify that Johnny Craft fired a shot on the public road on the evening of the invasion of the home of the defendant,'' when as a matter of fact Sullivan did not testify as to the identity of the person who fired the shot on the highway, as shown by his testimony hereinbefore quoted and to which the assignment of error relates.

We are, therefore, of the opinion that under the facts and circumstances of this case the verdict of conviction was justified and that no reversible error was committed in the trial court. We deem it unnecessary to discuss the refusal of certain instructions requested by the defendant for the reason that when the instructions are considered as a whole they fairly state the law of the case.

Affirmed.